UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Deborah Walton, | ) |
| | ) Cause No. |
| Plaintiff, | ) **1:18-cv-1784 TWP DLP** |
| | ) |
| vs. | ) |
| | ) |
| First Merchants Bank, Brian Hunt, | ) **FILED** |
| Michael Rechin, and in their individual | ) |
| capacity | ) JUN 12 2018 |
| | ) U.S. CLERK'S OFFICE |
| Defendant. | ) INDIANAPOLIS, INDIANA |

# COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiff, Deborah Walton, pro se ("Plaintiff"), as and for her complaint, alleges that First Merchants Bank ("FMB"), Brian Hunt andRechin, Defendants have violates the Equal Credit Opportunity Act, (ECOA) of 1974, 15 U.S.C. § 1691 *et. seq*, Deceptive Trade Practice Act, FTC Act, Indiana Privacy and Disclosure Act, and Right to Due Process.

## Introduction

This is an action brought by an individual consumer for actual, punitive and statutory damages, legal fees and costs pursuant to the:

  a. **Equal Credit Opportunity Act**, (ECOA) of 1974, 15 U.S.C. § 1691e *et. seq.*; and

  b. **Indiana Privacy and Disclosure Act**, IC § 24-4.9-3-3.5,*et seq*

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1691 *et. seq*

## Venue

2. Venue is proper in this Judicial District since the Defendants conduct business and maintain offices here.

## Parties

3. The Plaintiff, Deborah Walton, is a natural person African American and is a "consumer" as that term is defined by 15 U.S.C. § 1692a.

4. The Defendant Brian Hunt at all times relevant, herein was an Officer of FMB and personally responsible for FMB Policies and Procedures

5. The Defendant Michael Rechin was, at all times relevant herein, CEO of FMB and personally responsible for FMB, policies and procedures.

6. The Defendant First Merchant Bank ("FMB") is a Corporation organized under the Law of the State of Indiana with executive offices and principle place of business at 200 East Jackson Street Muncie Indiana, and is subject to the Equal Credit Opportunity Act.

## Factual Allegations

7. First Merchants Bank was sued by Walton in the Southern District of Indiana under cause number 1:17-cv-1888-JMS-MPB, and within a Month after the complaint was filed, the FMB gave all of the Plaintiff's personal information to Alex Rodger, without Walton's written consent or permission.

8. Rodger was given Walton's social security number, date of birth, home and cell phone numbers, and account numbers by Brian Hunt, in-house counsel for First Merchants Bank, and multiple documents with Walton's Social Security Number listed on each document was already submitted as exhibits at Mr. Horton's deposition. (Ex. "A" Depo. Horton; pg. 41, Walton Personal Information).

9. Not only was Walton's personal information shared with the public by Rodger's,

      he also used it for his own purpose. (Ex. "A" Depo. Horton; pg 6-9, Rodgers Admission)

10. First Merchants Bank also produced Walton's personal information during discovery un-redacted, with her Social Security Number, Date of Birth, Home and Cell Phone Numbers and, Account Numbers; this information was also shared with more than four employees at the Court Reporters Office.

11. FMB through its agents or employees did not allow the Plaintiff to make a Deposit in one of her accounts that was acquired by First Merchants Bank from Ameriana Bank.

12. The Defendant First Merchants Bank did not allow Walton to withdraw available funds from her account when she made the request at the Carmel Branch (Ex. "B" Depo Holland; Admission).

13. The Defendant First Merchants Bank closed all of Walton's deposit accounts without providing Walton notice nor a reason as to why FMB closed the accounts.

14. The Defendant First Merchants Bank changed the terms of Walton's Loan accounts without providing Disclosures as to why the changes occurred.

15. The Defendant First Merchants Bank neglected to provide Walton Bank Statements for her Loan Accounts and failed to mail monthly statements on her checking and savings accounts.

16. The Defendant First Merchants Bank received payments from Walton and did not apply the funds to the Loan account and refuses to provide Walton with an explanation as to where the funds were applied.

17. FMB made material misrepresentations of fact when FMB continued to charge Walton daily for two months on four accounts FMB closed on June 30, 2017. (Ex. "C" Letter from Holland); (Ex. "D" Fee Notices From First Merchants Bank).

18. The Defendant Brian Hunt, conspired to cover up the negligence by the bank from an e-mail on which he scripted hand written notes. (Ex. "E" Hunt; e-mail notes).

# Count I
# Privacy Act

The allegations of Paragraphs 1 through 18 of the complaint are re-alleged and incorporated herewith by references.

19. The Defendants violated the Indiana Privacy Act.

20. The Defendants shared Walton Social Security Number, Date of Birth, Home Phone Number, Cell Phone Number and multiple checking and savings account numbers with third parties without Walton's consent of the Plaintiff. (Ex "F" Walton Aff).

21. The Defendants provided Alex Rodgers with Walton's cell phone number and he used the cell phone number to call Walton for his own purpose. (Ex. "F" Walton Aff).

22. First Merchants Banks in-house counsel declined to admit in his testimony that they did not have a written consent form on file to share Walton's personal information.(Ex. "H" Depo Hunt).

# Count II
# Equal Credit Opportunity Act

The allegations of Paragraphs 1 through 22 of the complaint are re-alleged and incorporated herewith by references.

23. The Defendant violated the **Equal Credit Opportunity Act**, (ECOA) of 1974, 15 U.S.C. § 1691 *et. seq,.*

24. ECOA makes it unlawful for a Creditor to discriminate with respect to any aspect of a Credit Transaction on the basis of race. 15 U.S.C. § 1691 (a) (1). (Ex. "F" Walton Aff).

25. First Merchants Bank, did not apply payments made by the Plaintiff's to her Loan(s).

26. First Merchants Bank made changes to the Plaintiff's Loans and did not disclosure the changes as required by the Credit Act.

## Count III
## Negligence

The allegations of Paragraphs 1 through 26 of the complaint are re-alleged and incorporated herewith by references.

27. First Merchants Bank is negligent by sharing the Plaintiff's personal information with third parties without her written consent.

28. Upon accepting and storing the Personal Information of the Plaintiff in its computer systems and on its networks, FMB undertook and owed a duty to the Plaintiff to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so, FMB knew that the Personal Information of the Plaintiff was private and confidential and should be protected as private and confidential.

29. FMB owed a duty of care not to subject the Plaintiff, along with her Personal Information, to an unreasonable risk of harm because she was foreseeable and probable victims of inadequate security practices.

30. FMB owed numerous duties to the Plaintiff: a) To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting Personal Information in its possession; b) To protect Personal Information using reasonable and adequate security procedures and systems that are compliant with industry-standard practices.

31. FMB also breached its duty to the Plaintiff to adequately protect and safeguard Personal Information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Personal Information. Furthering their dilatory practices, FMB failed to provide adequate supervision and oversight of the Personal Information with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of misuse, which permitted and unknown third part to gather Personal Information of the Plaintiffs, misuse of the Personal Information and intentionally disclose it to others without consent.

32. FMB knew, or should have known, of the risks inherent in collection and storing Personal Information, the vulnerabilities of its negligence in providing the Plaintiff's personal information to a third party whom used it for his own benefits.

33. FMB breached its duties to the Plaintiff by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the Plaintiff's personal info.

34. FMB violated Section 4 of the FTC Act by failing to use reasonable measures to protect Personal Information and not complying with applicable industry standards, as described in detail herein. FMB's conduct was particularly unreasonable given the nature and amount of Personal Information it obtained and stored, and the foreseeable consequences of a data breach at a corporation such as FMB, including, specifically, the immense damages that would result to the Plaintiff.

35. As a direct and proximate result of FMB negligence per se Plaintiff has suffered, and continues to suffer, injuries and damages arising from FMB's negligence.

## Count IIII
## Negligence Per Se

The allegations of Paragraphs 1 through 35 of the complaint are re-alleged and incorporated herewith by references.

36. Section 5 of the FTC Act prohibits "unfair... practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as FMB, of failing to use reasonable measures to protect Personal Information. The FTC publications and orders described above also form part of the basis of FMB's duty in this regard.

37. FMB violated Section 4 of the FTC Act by failing to use reasonable measures to protect Personal Information and not complying with applicable industry standards, as described in detail herein. FMB's conduct was particularly unreasonable given the nature and

amount of Personal Information it obtained and stored, and the foreseeable consequences of a data breach at a corporation such as FMB, including, specifically, the immense damages that would result to the Plaintiff.

38. FMB violation of Section 5 of the FTC Act constitutes negligence.

39. The Plaintiff is within FTC Act was intended to protect.

40. As a direct and proximate result of FMB negligence per se Plaintiff has suffered, and continues to suffer, injuries and damages arising from FMB's negligence.

41. Alex Rodgers counsel for FMB issued a letter instructing the Court Reporter not to redact her personal information. (Ex. "G" Alex Rodgers Letter)

42. First Merchants Bank is negligent by refusing Walton services, forcing her to travel to another FMB branch, closing her accounts, and exposing her to hardship and ridicule First Merchants Bank engaged in acts of discrimination. (Ex. "D" Holland's Depo).

## Pray For Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendants violated the **Indiana Privacy Act and/ Equal Credit Opportunity Act**, (ECOA) of 1974, 15 U.S.C. § 1691 *et. seq*,

2. Actual damages under 15 U.S.C. § 1691e

3. Statutory damages under 15 U.S.C. § 1691e

4. Punitive damages under 15 U.S.C. § 1691e

5. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1691e

6. Such other and further relief as the Court deems just and proper.

Request and Demand for a Jury Trail

June 12, 2018

Respectfully submitted,

_____
Deborah Walton, pro se