UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01784-JRS-DLP |
| | ) |
| FIRST MERCHANTS BANK, | ) |
| BRIAN HUNT, in his individual capacity, | ) |
| MICHAEL RECHIN, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION TO QUASH

This matter comes before the Court on Defendants' Emergency Motion to Quash the Improperly Noticed Depositions of Mark Hardwick, Nicole Weaver, and Chris Horton (Dkt. 59). The Plaintiff is seeking to take the depositions of Defendant First Merchant Bank's Vice President Chris Horton, employee Nicole Weaver, and Chief Financial Officer Mark Hardwick. The Defendants object to these depositions, claiming they were improperly noticed and are an attempt to circumvent the Court's November 5, 2018 Order that quashed deposition subpoenas to Michael Rechin and Brian Hunt. [Dkt. 38.] The matter has been referred to the Undersigned for a ruling.

I. **Legal Standard**

Under Federal Rule of Civil Procedure 30(b)(1), a party may depose an individual by providing reasonable written notice that includes the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person

belongs. Additionally, an organization may be deposed by selecting an individual who is an officer, director, or managing agent, and clearly indicating that the identified person is expected to testify on behalf of the organization. *See Operative Plasters' & Cement Masons' Int'l Ass'n v. Benjamin*, 144 F.R.D. 87, 89–90 (N.D. Ind. 1992); *See also*, 7 Moore's Federal Practice – Civil § 30.25 (2018).

Federal Rule of Civil Procedure 30(b)(6) allows for litigants to depose a business entity. Under this Rule, the deposition notice must name the organization as the deponent and identify with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). Then, the organization must designate an individual with knowledge of that subject matter and make them available for the deposition. The effect of this rule is to place upon the business entity the burden of identifying witnesses who possess knowledge responsive to subjects requested in the Rule 30(b)(6) request. *Hooker v. Norfolk Southern Ry. Co.*, 204 F.R.D. 124, 126 (S.D. Ind. Oct 18, 2001).

Depositions may not be used by litigants to annoy, embarrass, or harass the deponent. *See* Fed. R. Civ. P. 30(d)(3). A subpoena for a deposition may be quashed if the notice of the deposition does not comply with Rule 30. Fed. R. Civ. P. 45. In addition, the Court may also quash a subpoena under Rule 26(b)(2) if it finds that the discovery sought is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, or outside the scope permitted by Rule 26(b)(1).

**II.    Discussion**

Plaintiff's deposition notices for Mr. Horton, Mr. Hardwick, and Ms. Weaver are identical. Each identifies the individual by name and as "First Merchants Banks [sic] Legal Counsel/Witness," and indicates that he or she will testify about the documents requested in the accompanying subpoenas. [Dkt. 60-1 at 3–8.] The subpoenas request the production of "[a]ll signed contracts between Deborah Walton and First Merchants Bamk [sic], and Americana [sic] Bank, copies of all recordings between Deborah Walton and First Merchants Bamk [sic] and all return mail from the U.S. Postal Service that was sent to Deborah Walton and copies of any cashier checks provided to Deborah Walton, and all Loan Documents Deborah Walton entered into with Americana [sic] Bank."[1] [Dkt. 60-1 at 6–8.] The Court will address each deposition in turn.

    a. <u>Nicole Weaver</u>

The Court conducted a status conference on January 7, 2019, wherein the Plaintiff represented that she wished to voluntarily withdraw the deposition notice for Ms. Weaver. Therefore, the Defendants' Motion to Quash as it relates to Ms. Weaver is **DENIED AS MOOT**.

    b. <u>Chris Horton</u>

The Plaintiff asserted both in her response to Defendants' Motion to Quash and at the January 7, 2019 status conference that she intends to depose Mr. Horton as the corporate representative of FMB[2] pursuant to Federal Rule of Civil

---

[1] During the January 7, 2019 status conference, First Merchants Bank represented that all of these documents were previously produced to the Plaintiff during discovery.

[2] Additionally, the Plaintiff filed a Notice to the Court on January 8, 2019, in which she reiterates her intention to depose Mr. Horton as the corporate representative of FMB. She notes that she

Procedure 30(b)(6). She maintains that Mr. Horton was the corporate representative in her other case, No. 1:17-cv-1888-JMS-MPB ("Related Matter"). Defendants object to this deposition, claiming that FMB has not identified Mr. Horton as their corporate representative in this case, that the Plaintiff failed to comply with Rule 30(b)(6)'s requirement of specifically identifying the subject matters for examination, that Mr. Horton was already deposed in the Related Matter, that Mr. Horton has no personal knowledge of the documents requested in the subpoena or the issues involved in Plaintiff's claims, and that subjecting FMB's Vice President to a deposition on these matters is disproportional to the needs of the case.

When seeking to depose an organization, such as FMB, the notice must name the organization as the deponent and include an explicit statement describing the subject matter of the deposition, as required by Federal Rule of Civil Procedure 30(b)(6). The Plaintiff's notice here is defective. The only indication as to the subject of the deposition is the subpoena for documents, which requests all contracts, loan documents, and mail; this information is far too broad to discern the potential topics of the depositions. Additionally, because the Plaintiff intended to issue a 30(b)(6) deposition notice for FMB, she does not get to determine FMB's corporate representative—that is FMB's decision. *See* Fed. R. Civ. P. 30(b)(6). Because the Plaintiff's 30(b)(6) deposition notice for Chris Horton [Dkt. 60-1 at 3] fails to comply with the Rule, it is hereby **QUASHED**.

    c. <u>Mark Hardwick</u>

---

requested the name of the corporate representative from Defendants' counsel, but did not receive a response.

The Plaintiff's deposition notice for Mark Hardwick is identical to the notice for Mr. Horton, but the subpoena identifies Mr. Hardwick as an FMB employee, rather than a corporate representative. Nevertheless, the Plaintiff does not indicate whether the notice is being issued pursuant to Rule 30(b)(6) or 30(b)(1), the notice does not identify the subject matter that the deposition would cover, *see* Fed. R. Civ. P. 30(b)(6), nor does it clearly indicate whether Mr. Hardwick is expected to testify on behalf of FMB or in his individual capacity. *See Operative Plasters' & Cement Masons'*, 144 F.R.D. at 89–90. The deposition notice for Mr. Hardwick is deficient because it does not clearly indicate whether the Plaintiff seeks to depose him pursuant to Rule 30(b)(6) or 30(b)(1).

Additionally, both in her response brief to Defendants' Motion to Quash and during the January 7, 2019 status conference, the Plaintiff asserted that she seeks to depose Mr. Hardwick in order to inquire about any discrimination cases that FMB had settled. This relates to Plaintiff's Request for Production No. 5, wherein Plaintiff asks for all customers and employees who had filed a discrimination complaint. The Defendants responded with "none," because FMB did not face any racial discrimination lawsuits. The Plaintiff contends that she should be permitted to ask the Defendants details about all discrimination lawsuits, while the Defendants assert that the inquiry should be limited to racial discrimination cases.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." In this case, the Plaintiff

makes a claim of racial discrimination. Claims of other types of discrimination, such as age, gender, or sex, are not relevant to the Plaintiff's claims here and, therefore, taking the deposition of Mr. Hardwick to inquire about irrelevant information is not proportional to the needs of this case. *Kelly v. Boeing Petroleum Servs., Inc.,* 61 F.3d 350, 358 (5th Cir. 1995); *Simonetti v. Ruyon,* No. Civ.A.98-2128, 2000 WL 1133066, at *6 (D.N.J. Aug. 7, 2000), *aff'd,* 276 F.3d 579 (3d Cir. 2001); *Olle v. Columbia Univ.,* 332 F. Supp. 2d 599, 614 (S.D.N.Y. 2004), *aff'd,* 136 Fed. Appx. 383 (2d Cir. 2005). Thus, the Plaintiff's Notice of Deposition of Mark Hardwick [Dkt. 60-1 at 4] fails to comply with Rules 26 and 30 and is hereby **QUASHED**.

### III. Conclusion

Defendants' Emergency Motion to Quash the Improperly Noticed Depositions of Mark Hardwick and Chris Horton (Dkt. 59) is **GRANTED**. The depositions of Chris Horton and Mark Hardwick are **QUASHED**. Defendants' Motion to Quash as it relates to Ms. Weaver's deposition is **DENIED AS MOOT**.

So ORDERED.

Date: 1/9/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DEBORAH WALTON
P.O. Box 598
Westfield, IN 46074