UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DEBORAH WALTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-01784-JRS-DLP |
|  | ) |  |
| FIRST MERCHANTS BANK, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Entry on Defendants' Motion to Dismiss**

This matter is before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 73.) This Court has jurisdiction over Plaintiff's federal-law claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over her state-law claims pursuant to 28 U.S.C. § 1367. In December 2018, the Court granted Plaintiff leave to amend her original complaint. (ECF No. 62.) After carefully considering the amended complaint, motion, response, and reply, the Court concludes that the motion should be **GRANTED**.

## I. Background

This case arises from another case in this district, 1:17-cv-01888-JMS-MPB (the "2017 case"), in which Plaintiff Deborah Walton ("Walton") alleges that Defendant First Merchants Bank ("FMB") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and breached a bank-account agreement. Here, Walton alleges that in the course of the litigation in the 2017 case, defendants FMB, Michael Rechin and Brian Hunt (collectively, "Defendants") shared her sensitive personal information,

1

including her social security number, date of birth, home and cell phone numbers, and bank account numbers, with third parties without her consent. ([ECF No. 66](#) ¶¶ 7-10.) Walton also alleges that Defendants discriminated against her on the basis of race.

More specifically, Walton, who proceeds *pro se* in the present suit, filed an amended complaint alleging three claims against FMB: (1) negligence, (2) violation of the Equal Credit Opportunity Act ("ECOA"), and (3) negligence *per se* arising from FMB's alleged violation of the ECOA. Defendants move for dismissal of all three counts of Walton's amended complaint.

## II. Legal Standard

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *[Ashcroft v. Iqbal,](#)* [556 U.S. 662, 678 (2009)](#). A claim is "plausible" only if the plaintiff alleges "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *[Bell Atlantic Corp. v. Twombly,](#)* [550 U.S. 544, 556 (2007)](#). Alternatively, a plaintiff's claim will be dismissed if she "plead[s] facts that show that [s]he has no legal claim." *[Atkins v. City of Chicago,](#)* [631 F.3d 823, 832 (7th Cir. 2011)](#). When evaluating the sufficiency of a complaint for the purposes of a motion to dismiss, the court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-movant's] favor." *[Reger Dev., LLC v. Nat'l City Bank,](#)* [592 F.3d 759, 763 (7th Cir. 2010)](#). However, the complaint must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted).  In reviewing a *pro se* plaintiff's claims, the court construes the allegations liberally. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

## III. Discussion
### A. Negligence

Walton alleges that the Defendants failed to protect her sensitive personal information in the course of litigation in the 2017 case. (ECF No. 66 at 2, ¶¶ 7-8.) Walton alleges that the Defendants were negligent when they shared Walton's personal information (1) with *Walton* during discovery (ECF No. 66 at 3, ¶ 10), (2) with FMB's lawyers during the course of the litigation in the 2017 case (ECF No. 66 at 2, ¶ 7; ECF No. 66 at 5, ¶ 23), and (3) with the court reporter during a deposition (ECF No. 66 at 3, ¶ 10.). Defendants argue that Walton fails to state a claim for relief as to this claim, alleging that Walton has not shown an "unauthorized" disclosure of her personal information. (ECF No. 74 at 6.) Walton responds that the Defendants were negligent when FMB's lawyer, Brian Hunt, "instruct[ed]" FMB's outside counsel firm to "expose" Walton's personal information, including her social security number and credit application information to the "public" via the Court's docket system. (ECF No. 78 at 2.)

"To prevail on a negligence claim, the plaintiff must show (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by

3

the breach of duty." *Smith v. Walsh Constr. Co. II, LLC*, 95 N.E.3d 78, 84 (Ind. Ct. App. 2018). Walton fails to show at least two of the necessary elements of negligence; namely, that: (1) Defendants breached any duty to Walton and (2) Defendants proximately caused Walton compensable injury. More specifically, dismissal is proper for the following reasons.

First, Defendants did not breach any duty to Walton when they provided FMB's attorneys with Walton's personal information, or when FMB's attorneys shared Walton's information within the same law firm. *See* 15 U.S.C. § 6802(e)(4) (allowing a financial institution to share a consumer's "nonpublic" information with its attorneys). Moreover, Walton was proceeding *pro se* in the 2017 case. Thus, Defendants did not breach any duty to Walton by providing FMB attorneys with Walton's contact information, as contact between parties to litigation is necessary under the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 26(f) ("the parties must confer as soon as practicable"); Fed. R. Civ. P. 37(a)(1) (instructing parties to confer or attempt to confer in good faith). Accordingly, it is preposterous for Walton to allege that opposing counsel misused her personal information because they contacted her *about a pending lawsuit that she filed against their client*.

Similarly, Defendants did not breach any duty to Walton by providing Walton's personal information in deposition exhibits to the court reporter in the 2017 case. *See Peace v. Pollard*, No. 15-cv-481-pp, 2016 WL 3951148, at *2 (E.D. Wis. July 20, 2016) (classifying a court reporter as an "officer of the court" in the context of depositions). Defendants also did not breach any duty to Walton by producing Walton's *own*

4

personal information to Walton during discovery, whether redacted or unredacted. Walton also fails to plead any compensable injury related to (1) the court reporter's exposure to Walton's personal information during deposition or to (2) Walton's receipt of her own personal information during discovery.

Second, Walton fails to show she was injured at all, much less that FMB caused her any compensable injury in any of the above complained of conduct or when FMB filed an unredacted document containing Walton's personal information in the 2017 case. Although Walton may have been upset by the appearance of her unredacted information on the court's docket, she fails to allege any *compensable* injury proximately caused by FMB's filing. Moreover, the judge in the 2017 case ordered FMB to redact Walton's personal information and it complied. The court also ordered the previously filed, unredacted exhibit containing Walton's information sealed from public view. *See* 1:17-cv-1888 at ECF No. 178 and ECF No. 179. Even if the Court were to assume *arguendo* that FMB had breached some duty to Walton when it filed the unredacted document, Walton's claim would still fail, as she fails to sufficiently plead any *compensable* harm related to this incident.

Moreover, Walton has not alleged any plausible *misuse* of her personal information stemming from any of the complained of disclosures noted above. Therefore, Walton has failed to plead facts showing that any of the disclosures of her personal information were the result of Defendants' breach of a duty owed to her, or that any of the disclosures proximately caused Walton compensable harm. Walton

5

has therefore failed to state a cognizable claim for negligence under Indiana law. Walton's negligence claim is **dismissed with prejudice**.

### B. Race Discrimination (ECOA)

Next, Walton alleges that FMB discriminated against her on the basis of her race in violation of the ECOA. (ECF No. 66 at 6, ¶¶ 29-34.) Walton alleges that FMB violated the ECOA when it (1) failed to "apply [Walton's] funds to [her] [l]oan account" and (2) when it made changes to Walton's loan account without disclosing these changes to her. (ECF No. 66 at 3, ¶ 16; ECF No. 66 at 6, ¶ 32.) Walton also summarily alleges that she was "clearly discriminated against . . . based on her race" and that FMB subjected her to disparate treatment as compared to "[w]hite [c]ustomers." (ECF No. 66 at 6, ¶ 34.)

To state a claim under the ECOA, a plaintiff must allege that (1) she was an "applicant," as defined by the ECOA and (2) she was treated less favorably because of her race. *See Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011); *Moran Foods, Inc. v. Mid–Atlantic Market Dev. Co.*, 476 F.3d 436, 441 (7th Cir. 2007). The ECOA makes it illegal for creditors to "discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a)(1). The statute defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). Walton fails to plausibly allege either of these elements and dismissal is therefore proper on her ECOA claim.

As best as the Court can tell, the only facts in Walton's complaint that relate to her ECOA race discrimination claim are: (1) Walton is African American, (2) FMB made changes to Walton's loan account without telling her, and (3) FMB treated Walton less favorably than it treated its white customers. Although Walton alleges that she is African American, she fails to allege sufficient facts showing that FMB mistreated her *because* of her race. Walton's allegations on this point are conclusory. For example, Walton alleges that FMB "clearly" discriminated against her on the basis of race but fails to present the Court with any facts to permit a plausible inference of discrimination. In addition, Walton alleges that FMB treated white customers better than it treated her, but alleges no facts relating to FMB's treatment of any similarly situated white customers. Absent any factual allegations, Walton's claim of discrimination amounts to no more than mere "labels" and "conclusions." *Twombly*, 550 U.S. 544 at 556 (2007). Walton has therefore failed to state a claim for violation of the ECOA upon which relief can be granted, and this claim is **dismissed with prejudice.**

### C. Negligence *per se*

Because Walton has failed to state a claim for relief on her ECOA claim, she necessarily fails to state a claim for relief with respect to her negligence *per se* claim. Negligence *per se* "occurs when a violation of a statute or ordinance constitutes negligence as a matter of law." *Spierer v. Rossman*, 798 F.3d 502, 509 (7th Cir. 2015) Walton has failed to plead sufficient facts showing FMB's violation of the relevant

statute, the ECOA, so her negligence *per se* claim also fails. This claim is therefore **dismissed with prejudice**.

## IV. Sanctions

Courts typically show leniency to *pro se* litigants. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") However, *pro se* litigants are not immune from sanction by virtue of their *pro se* status. *See Johnson v. State Farm Mut. Auto. Ins. Co.*, 641 F. Supp. 2d 748, 753 (C.D. Ill. July 6, 2009) ("While a court should be more lenient in assessing sanctions against a *pro se* litigant, when she persists . . . long after it should have been clear [her claims were meritless] sanctions should be imposed.").

Walton is no ordinary *pro se* litigant. Since 2003, Walton has filed *at least* twenty cases in this district court alone.[1] Walton should therefore be familiar with the filing requirements in federal court. Moreover, despite her *pro se* status, Walton is surely aware of the potential consequences for abuse of the judicial process. In several of Walton's earlier cases, the court ordered Walton to pay the opposing parties'

---

[1] *See, e.g.*, *Walton v. First Merchants Bank*, 1:17-cv-1888-JMS-MPB; *Walton v. EOS CCA*, 1:15-cv-822-TWP-DML; *Walton v. Health & Hosp. Corp. of Marion Cty., Ind., Pub. Health Div.*, 1:06-cv-1128-LJM-WTL; *Walton v. JP Morgan Chase Bank, NA Home Loans*, 1:16-cv-447-TWP-DKL; *Walton v. Bank of America*, 1:14-cv-1237-SEB-DKL; *Walton v. BMO Harris Bank*, 1:16-cv-3302-WTL-DLP; *Walton v. Equifax Inc.*, 1:18-cv-225-SEB-DLP; *Walton v. Hyatt & Rosenbaum, P.A.*, No. 1:08–cv–1275–SEB–TAB; *Walton v. Springmill Streams Homeowners Assoc.*, 1:09-cv-01136-TWP-DML; *Walton v. Proffitt*, 1:04-cv-02028-LJM-WTL; *Walton v. Claybridge Homeowners Assoc.*, 1:03-cv-00069-LJM-WTL; *Walton v. City of Carmel*, 1:05-cv-00902-RLY-TAB; *Walton v. Rubin & Levin P.C.*, 1:05-cv-01132; *Walton v. Trans Union, LLC*, 1:07-cv-00372-WTL-DML; *Walton v. Claybridge Homeowners Assoc.*, 1:07-cv-01484-DFH-DML; *Walton v. Naijar*, 1:09-cv-01495-LJM-DML; *Walton v. Bank of America*, 1:11-cv-00685-SEB-DML; *Walton v. Freddie Mac*, 3:12-cv-00116; *Walton v. Chase Home Finance, LLC*, 1:11-cv-00417-JMS-MJD.

attorney's fees for Walton's frivolous filings.  *See, e.g., Walton v. Hyatt & Rosenbaum, P.A.*, 1:08-cv-1275-SEB-TAB; *Walton v. Springmill Streams Homeowners Assoc.*, 1:09-cv-1136-TWP-DML; *Walton v. First Merchants Bank*, 1:17-cv-1888.  Indeed, Walton herself moved for sanctions in the 2017 case.

The Seventh Circuit has also warned Walton of the potential consequences for filing frivolous lawsuits.  In *Walton v. Claybridge Homeowners Assoc.*, Walton alleged that a state judge in another case "ordered Walton 'into [s]lavery'" and "gave the rights in her land 'to an [a]ll [w]hite [g]roup of [p]eople'" when the judge ruled against her in an easement dispute.  433 F. App'x 477, 478 (7th. Cir. 2011).  The Seventh Circuit warned Walton that if she continued to file frivolous law suits in abuse of the judicial process, she could be assessed "monetary sanctions and restrictions on future suits."  Id. at 480.

As explained above, the allegations in Walton's amended complaint—most notably her allegation that FMB shared her contact information with its attorneys and with *Walton herself*—are frivolous.  See Fed. R. Civ. P. 11(b)(2).  But even more troubling is the evidence—before the Court as an exhibit to Walton's own amended complaint (ECF No. 66-5 at 12)—that Walton filed this lawsuit to harass a witness (FMB's general counsel, Brian Hunt) from the 2017 case.  During the deposition of Mr. Hunt in the 2017 case, Walton warned, "If I don't get it from him here, I'll get it from the next lawsuit.  And you will be a party to --."  Walton's threat was not idle:  this is the "next lawsuit," and Mr. Hunt is indeed a defendant.  But neither will the Seventh

9

Circuit's warning be idle: Walton is ordered to show cause why the allegations of her amended complaint do not violate Rule 11(b)(1) and (2).

## V. Conclusion

For the foregoing reasons, Defendants' Rule 12(b)(6) motion to dismiss (ECF No. 73) is **GRANTED** and Walton's amended complaint is **dismissed with prejudice** for failure to state a claim upon which relief can be granted. Consequently, the Court **DENIES** Defendants' first motion to dismiss (ECF No. 10) as moot. It is further **ORDERED** that Walton shall, by February 28, 2019, **SHOW CAUSE** why Walton should not be assessed sanctions for violation of Fed. R. Civ. P. 11(b).

**SO ORDERED.**

Date: 2/20/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEBORAH WALTON
P.O. Box 598
Westfield, IN 46074

Andrew M. Pendexter
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
apendexter@bgdlegal.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
dtittle@bgdlegal.com